**SHUYU FU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73122.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Franlin Wright Nelson, Esquire, Pasadena, CA, for Petitioner.

David V. Bernal, Assistant Director, Andrew C. MacLachlan, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Nguyen–Hong K. Hoang, Esquire, Santa Ana, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Shuyu Fu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Fu did not explain adequately why she omitted

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from her declaration that she was deprived of food and water during her claimed three-day detention, Fu did not explain adequately the religious terms in her asylum declaration, and Fu's testimony lacked sufficient detail about how and why she was apprehended for practicing Xiang Gong in her home and why she fears future religious persecution. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). Thus, Fu's asylum claim fails.

Because Fu failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Fu's CAT claim is based on the same testimony the IJ found to be not credible, and Fu points to no other evidence the IJ should have considered, she has failed to establish eligibility for CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**